IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| DONNERELL WARREN | ) |
| | ) |
| v. | ) |
| | ) CR. NO. 93-CO-152-S |
| UNITED STATES OF AMERICA | ) |

<u>MEMORANDUM OF DECISION</u>

On January 28, 2008, Donnerell Warren filed a Habeas Corpus Motion to Vacate, Set-Aside Sentence. (Doc. # 1212). To the extent that Warren seeks early release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), he is not entitled to relief. Such a motion must be by the Director of the Prisons. Title 18, U.S.C. § 3582(c)(1)(A)(i) provides:

> **(c)** **Modification of an imposed term of imprisonment**.– The court may not modify a term of imprisonment once it has been imposed except that --
>
> (1)   in any case--
>
> (A) the court, **upon motion of the Director of the Bureau of Prisons**, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

Warren argues that under § 3553(a)(2)(D), he is "entitled to the most effective medical care" which he maintains is a heart transplant. § 3553(a)(2) provides:

> (2) the need for the sentence imposed--
>
> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B)  to afford adequate deterrence to criminal conduct;

  (C)  to protect the public from further crimes of the defendant; and

  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The need for the sentence imposed is just one of seven factors to be considered by the court. It is unnecessary to consider the factors set forth in 18 U.S.C. § 3553(a). Title 28 C.F.R. § 571.61 does not provide this court with the authority to grant a § 3582 motion in the absence of a motion by the Director of the Bureau of Prisons:

> (a) A request for a motion under 18 U.S.C. § 4205(b) or 3582(c)(1)(A) shall be submitted to the Warden. Ordinarily, the request shall be in writing, and submitted by the inmate. An inmate may initiate a request for consideration under 18 U.S.C. § 4205(g) or 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. The inmate's request shall at a minimum contain the following information:
>
> > (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
> >
> > (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information or where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

Warren has not alleged where he would receive his heart transplant, how he would pay for it, and whether he is an acceptable candidate for a heart transplant.

Warren alleges that "[a]s the result of wrongful medical treatment by B.O.P., FCI Lexington, KY, I have terminal Heart damage." Warren alleges that when he was redesignated to Federal Medical Center, Rochester, MN on September 28, 2004, the intake indicated "Terminal Heart disease – probable

end stage." On July 20, 2006, Warden Anderson stated that Warren had been "diagnosed with some very life-threatening diagnoses."[1] Warren argues that with only minimum health care, he will not live until his release date. His release date is August 22, 2011. In light of the fact that Warren remains incarcerated at Federal Medical Center, Rochester, Minnesota, and has survived his "probable end stage" heart disease for over three years after being redesignated to FMC Rochester, it appears that Warren is receiving more than "minimum health care."

Warren argues that he has been prevented from obtaining an early release motion because he was charged with possession of a firearm. He alleges that he did not have a firearm in his possession at the time of his arrest and the arresting officer did not have a firearm listed with serial numbers. Warren was convicted of using a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c). The court previously discussed the sufficiency of the evidence with respect to Warren's § 924(c) conviction, when ruling on his § 2255 motion:

> Warren alleges that he should not have been convicted of violations of 18 U.S.C. § 924(c). "Movant contends that the evidence 'may' show that he was in possession of a firearm, but that there is no evidence that the gun(s) were used during and in reflation to a drug trafficking crime as required by section 924(c)." (Motion to vacate, p.6). In *Bailey v. United States*, 516 U.S. 137, 149-150 (1995), the United States Supreme Court emphasized that there were two separate prongs – use and carry – under 28 U.S.C. § 925(c). If the defendant is charged under both the use and carry prongs, a conviction is appropriate if the evidence proves either prong. *United States v. Range*, 94 F.3d 614, 616-20 (11th Cir. 1996).
>
> At sentencing, counsel for the government recounted evidence of Warren's participation in a shootout:

---

[1] Based on Warren's allegations it would appear that he has copies of some of his medical records; however, he has not provided the court with these records. Ultimately, the records would not be properly before the court in light of the absence of a motion by the Director of the Bureau of the Prisons.

> And the evidence is at the shootout on the 28th of December, 1989, he was out there shooting. And the evidence was when the car crashed, he went over and he grabbed Lorenzo Wiley and popped him on the head and jerked him out of the car and put a gun into his back and marched him over to his boss, Anthony Stutson. ...
>
> And that night when they tried to get the 10 kilos back, he went with Albert Townsend and they painted x's, Passover on the doors; carrying machine guns and guns, and then calling people saying, "we're going to kill you if you don't give us the dope or the money back."

(Document #859, pp.7-8).

Despite Mr. Warren's specific denial that he shot at anyone at the shootout (document #859, p.11), the AUSA maintained "The evidence presented to the jury supports the fact that Mr. Warren shot at someone on December the 28th, 1989." (Document #859, p.12).

Gail Thomas testified that during the December 1989 shootout that Warren "was just walking down the street just shooting." (Transcript, p.2692). She further testified that Warren "told Albert that he should go around and put some red spray paint on the people's house and scare them like they were going to kill – which one they were going to kill them first." (Transcript, p.2699).

Counsel was not ineffective in electing not to raise a spurious insufficiency of the evidence issue on appeal in light of testimony that clearly contradicts such a argument. The evidence was sufficient to support a conviction under 18 U.S.C. § 924(c).

(Doc. #1161).

In any event, Warren's firearm conviction is irrelevant since this court may not consider a § 3582 motion without the motion of the Director of the Bureau of Prisons.

To the extent that Warren seeks early release from his term of imprisonment based on his medical condition, he is not entitled to relief as there has been no motion by the Director of the Bureau of Prisons on his behalf.[2]

Warren also seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Although this conspiracy involved crack cocaine and other controlled substances, Warren's sentence was based solely on cocaine powder and the 18 U.S.C. § 924(c) conviction in count six. Therefore, he is not entitled to any relief pursuant to 18 U.S.C. § 3582(c) under the retroactive crack amendment.

Based on the foregoing, the Habeas Corpus Motion (doc. #1212) is due to be DENIED in its entirety. Warren's motion for appointment of counsel (doc. #1213) is DENIED.

A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

Done this 27th day of May 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671

---

[2/] Whether Warren is entitled to monetary damages or injunctive relief based on a *Bivens* action for inadequate medical attention is not before this court. A *Bivens* action would not be appropriate in this court but must instead be filed, if it is filed at all, in the district court in which the facility which allegedly harmed him or which is denying him adequate medical treatment is located.